**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DARNELL DOZIER, | : | |
| | : | Civil Action No. 03-4153 (WHW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> DARNELL DOZIER, Petitioner Pro Se
> #268001 - 2EE S/C
> New Jersey State Prison
> CN 861
> Trenton, New Jersey 08625
>
> LINDA K. DANIELSON, ESQ.
> Office of the New Jersey Attorney General
> Division of Criminal Justice, Appellate Bureau
> Richard J. Hughes Justice Complex
> P.O. Box 086
> Trenton, New Jersey 08625-0086
> Counsel for Respondents

**WALLS**, District Judge

This matter is before the Court on Petitioner Darnell Dozier's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d).

## I.   BACKGROUND

Petitioner, Darnell Dozier ("Dozier"), filed a petition for habeas corpus relief on or about August 15, 2003.[1]  On May 27, 2004, the Court directed respondents to answer the petition, and the respondents filed an answer, with affirmative defenses, and the pertinent state court record, on or about July 20, 2004. Dozier filed a traverse to the respondents' answer on October 13, 2004.

The following facts are taken from the petition, the respondents' answer, and the state court record.

On November 7, 1994, a jury found Dozier guilty of first degree murder, first degree attempted murder, and second degree possession of a handgun for an unlawful purpose.  Dozier was sentenced on January 20, 1995 to an aggregate term of life plus twenty years in prison with a 40-year period of parole ineligibility.  Dozier filed an appeal of his conviction to the New Jersey Appellate Division on or about May 2, 1995, and the

---

[1]  The habeas petition was not received by the Court until September 2, 2003.  However, giving Dozier the benefit of all inferences related to the date he filed his petition, the Court finds that Dozier "filed" his petition on the date he handed it to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Dozier handed his complaint to prison officials for mailing, it will use the date on which he signed his in forma pauperis application, August 15, 2003, which was submitted with his habeas petition.

Appellate Division affirmed the conviction on June 19, 1996 in an unpublished opinion.  Dozier then filed a petition for certification with the New Jersey Supreme Court, on July 3, 1996, which was denied on October 23, 1996.  Dozier did not file a petition for a writ of certiorari with the United States Supreme Court.

On or about May 9, 1997, Dozier filed an application for post-conviction relief ("PCR") with the Superior Court of New Jersey, Law Division, Union County.[2]  An evidentiary hearing was conducted by the Honorable John S. Triarsi, J.S.C., on October 23, 1998, with respect to the claims of ineffective assistance of trial counsel.  Judge Triarsi denied Dozier's PCR petition on May 1, 2000.  Dozier appealed to the New Jersey Appellate Division, which affirmed the denial of state PCR relief on February 19, 2002.  Dozier then filed a petition for certification to the New Jersey Supreme Court.  The New Jersey Supreme Court denied certification on September 2, 2002.

Dozier filed this petition for habeas relief under § 2254 on August 15, 2003.  The respondents answered the petition alleging that petitioner's grounds for habeas relief are without merit. Respondents also raise the affirmative defense that Dozier's

---

[2]  The State asserts that the New Jersey Promis/Gavel docket indicates a later filing date of October 23, 1997.  However, this Court will give petitioner the benefit of the earlier alleged filing date of May 9, 1997.

habeas petition is time-barred under 28 U.S.C. § 2244(d)(1).[3]
Dozier filed a reply to the answer, arguing that his petition was
filed within the one-year statute of limitations period.  Dozier
contends that the one-year grace period afforded federal habeas
petitioners after the enactment of the Anti-Terrorism and
Effective Death Penalty Act in 1996 extended the deadline for
filing his petition to September 6, 2003.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set
forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in

---

[3]   Respondents further assert that some of the claims raised
in the federal habeas petition are unexhausted and/or
procedurally defaulted.

custody pursuant to the judgment of a State court.   The
limitation period shall run from the latest of—

      (A) the date on which the judgment became final by
the conclusion of direct review or the expiration of
the time for seeking such review; ...

(2) The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was signed into law.   See Burns v. Morton, 134 F.3d 109, 111 (3d

Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

1996).   The Third Circuit has ruled that state prisoners whose

convictions became final before the April 24, 1996 enactment of

AEDPA are permitted one year, until April 23, 1997, in which to

file a federal habeas petition under § 2254.   See Burns, 134 F.3d

at 111.   See also Lindh v. Murphy, 521 U.S. 320, 326-27

(1997)("[t]he statute reveals Congress' intent to apply the

amendments to chapter 153 only to such cases as were filed after

the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of

a § 2254 petition requires a determination of, first, when the

pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction relief

was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[5]  However, the one-year limitations period in § 2244(d)(1) can only be equitably

---

[5]  Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily

tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, a judgment of conviction was entered against Dozier on January 20, 1995, and his judgment of conviction became final, pursuant to 28 U.S.C. § 2244(d)(1), on January 22, 1997, or 90 days after the New Jersey Supreme Court denied certification on direct appeal, which was October 23, 1996 (*i.e.*, conviction becomes final upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court).  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, Dozier' state court conviction now under attack became final well after the enactment of AEDPA on April 24, 1996.  Consequently, Dozier had one year from January 22, 1997, or until January 22, 1998 to bring his federal habeas petition under § 2254.

Nevertheless, the Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before January 22, 1998 because Dozier filed a state PCR application on May 9, 1997, which remained pending in state court until September 2, 2002, when the New Jersey Supreme Court denied

9

certification from the Appellate Division's February 19, 2002

Opinion affirming the trial court's denial of post-conviction

relief.   Thus, Dozier's limitation period began to run from

January 22, 1997 until May 9, 1997 (the date Dozier filed his

state PCR petition), for exactly 107 days.   At that point, the

limitations period was tolled under § 2244(d)(2).   The

limitations period did not begin to run again until September 2,

2002, when the New Jersey Supreme Court denied certification on

the appeal from denial of Dozier's state PCR petition.   Dozier

had only 258 days (*i.e.*, one year or 365 days minus the 107 days

which had already run) from September 2, 2002, or until March 18,

2003, to file his federal § 2254 petition.   See Stokes, 247 F.3d

at 542 (the "time during which a state prisoner may file a

petition for writ of certiorari in the United States Supreme

Court from the denial of his state post-conviction petition does

not toll the one year statute of limitations under 28 U.S.C. §

2244 (d)(2)").   Dozier did not file his § 2254 habeas petition

until August 15, 2003, almost five months after the statutory

period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition

must be filed within one year of the latest of four events, the

one relevant here being "(A) the date on which the judgment

became final by the conclusion of direct review or the expiration

of the time for seeking such review."   See Johnson, 314 F.3d at

161.   In Johnson, the Third Circuit, under similar circumstances,

affirmed the district court's dismissal of Johnson's § 2254

petition as time-barred.   The court found that the statutory

period ran for 222 days until Johnson had filed his petition for

post-conviction relief in state court.   At that point, the

statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2),

until the New Jersey Supreme Court denied Johnson's petition for

certification, and Johnson then had the remaining 143 days in

which to timely file his federal habeas petition.   Johnson, 314

F.3d at 161.   The Third Circuit noted that § 2244(d)(2)'s tolling

provision excludes the time during which a properly-filed state

PCR petition is pending, but it does not reset the date from

which the one-year limitations period begins to run.   Id. at 162

(citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert.

denied, 531 U.S. 840 (2000)).   Consequently, Dozier's federal

habeas petition is time-barred.

Moreover, Dozier offers no excuses, extraordinary or

otherwise, for equitable tolling.   Rather, Dozier mistakenly

argues that the limitations period did not begin to run until

April 27, 1997, after expiration of the one-year grace period,

which was afforded petitioners whose convictions became final

before the enactment of AEDPA in April 1996.   However, as stated

above, Dozier's judgment of conviction became final on January

22, 1997, **after** the enactment of AEDPA, so the one-year grace

11

period does not apply.  At best, it appears that Dozier may have
miscalculated the statutory period by counting only the period of
time from April 27, 1997 to May 9, 1997 when he filed his state
PCR petition, which served to toll the limitations period under
28 U.S.C. § 2244(d)(2).  Miscalculation of the statutory period
does not constitute extraordinary circumstances to permit
equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, even if
Dozier was ignorant of the fact that the limitations period began
to run on January 22, 1997 when his conviction became final,
ignorance of the law, even for an incarcerated pro se petitioner,
generally does not excuse prompt filing.  Fisher v. Johnson, 174
F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164
(2001).  Courts have been loathe to excuse late filings simply
because a pro se prisoner misreads the law.  Delaney v. Matesanz,
264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-
60.  Accordingly, Dozier does not demonstrate any extraordinary
circumstances that would permit the equitable tolling of the one-
year statute of limitations.

Therefore, because Dozier failed to file a timely petition
and demonstrates no extraordinary circumstances that would allow
equitable tolling, the Court is precluded from reviewing this
petition for habeas corpus relief under § 2254.  Since the § 2254
petition is time-barred under § 2244(d)(1), it will be dismissed.

IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.   See Third Circuit Local Appellate Rule 22.2.   The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:   (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."   Id.

For the reasons discussed above, Dozier' § 2254 habeas petition is clearly time-barred.   The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.   Consequently, a certificate of appealability will not be issued.

13

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


_____

WILLIAM H. WALLS
United States District Judge

DATED:

14